■ ANONYMOUS, Respondent, v ANONYMOUS, Appellant. [724 NYS2d 315] —Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered March 17, 1999, which, *inter alia*, granted plaintiff a distributive award of $441,487, ordered defendant to pay lifetime maintenance of $12,000 per month, awarded child support of $7,000 per month to be paid by defendant in addition to all educational, summer recreational and medical expenses of the child, directed defendant to maintain a $1 million life insurance policy for plaintiff and the parties' son, granted sole custody of the parties' child to plaintiff without provision for visitation and limited defendant's ability to obtain information about the child, and granted the fee applications of the guardian ad litem and his counsel, unanimously modified, on the law, the facts and in the exercise of discretion, to vacate the award of fees payable to the guardian

ad litem and remand the matter for an appropriate hearing in accordance herewith, and otherwise affirmed, without costs.

There is no merit to defendant's numerous challenges to the judgment with respect to the distributive award, maintenance and child support, and to the provisions concerning custody and visitation of the parties' son. The court's award of marital assets properly applied the factors set forth in Domestic Relations Law § 236 (B) (5) (d), which included the circumstance that the marital property constituted only a very small portion of defendant's assets. Whereas defendant will continue to enjoy over $1 million a year in income from his trusts, plaintiff, a non-income-producing sculptor who now lives with the parties' son in Santa Fe, New Mexico, can no longer expect to live the lavish lifestyle enjoyed during the marriage. Indeed, the provisions for lifetime spousal support of $12,000 a month and a child support award of $7,000 a month, both appropriate under the circumstances of this case, do not permit plaintiff and the parties' son to enjoy the lavish lifestyle they lived during the marriage. We also find no merit to defendant's objection to maintaining a $1 million life insurance policy to cover his maintenance and child support obligations (see, Domestic Relations Law § 236 [B] [8] [a]). Finally, we decline to interfere with the trial court's determinations concerning custody and visitation, which did not include a provision entitling defendant to receive information about his son. Such a provision was not requested and, in any event, since the trial court retains jurisdiction over the communications between defendant and his son, any application in this regard should be made to that court.

Defendant's challenges to the propriety of the court's decision to appoint a guardian ad litem are not properly before us on this appeal. Defendant's arguments with respect to the appointment of the guardian ad litem were previously rejected by this Court when, on defendant's prior appeal, it affirmed the July 14, 1997 order in which the appointment was made (Anonymous v Anonymous, 256 AD2d 90) and defendant may not now raise additional challenges to that order that could have been raised on the prior appeal. In any case, we find unavailing defendant's argument that the appointed guardian ad litem, as well as his counsel hired to represent defendant at trial, were not adequately supervised by the trial court, and failed to provide defendant with adequate and meaningful representation. The record supports a finding that despite defendant's unrestrained, counterproductive hostility toward the guardian ad litem, the guardian ad litem and his counsel vigorously protected defendant's best interests.

There is, however, an issue that requires a remand. The record provides us with an inadequate basis upon which to determine whether the guardian's fee request inappropriately sought recompense for legal services, and services rendered by others, as well as for services properly and personally rendered in his capacity as a guardian. Accordingly, the matter is remanded to the trial court for purposes of the filing of an affidavit of services by the guardian ad litem, to be followed by a hearing, and any other proceeding which the court may deem appropriate, to enable the guardian to make a proper showing, and for the court thereupon to fix his fees. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Friedman, JJ.